United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER KAIDI,<br>Plaintiff,<br>v.<br>T-MOBILE USA, INC.,<br>Defendant. | Case No. 26-cv-05015-AMO<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT RE: ARTICLE III STANDING** |

Plaintiff Spencer Kaidi filed this putative class action against T-Mobile USA, Inc. alleging it installs third-party trackers on individuals' internet browsers when they visit the website www.t-mobile.com in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and various California laws. Plaintiff initially filed the complaint in the Napa County Superior Court and Defendant removed it based on federal question jurisdiction and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. No. 1. As a review of the Complaint raises concerns about the Court's subject matter jurisdiction, Defendant is **ORDERED TO SHOW CAUSE** as to why this action should not be remanded to the Napa County Superior Court for lack of Article III standing.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing."

*Id*. (citations omitted). Article III standing can be raised any time including sua sponte by the court. *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). To establish standing sufficient to satisfy constitutional requirements, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). In a putative class action, at least one named plaintiff must have Article III standing. *See Healy v. Milliman, Inc*., 164 F.4th 701, 706 (9th Cir. 2026). Defendant, as the removing party, "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *See Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009). This removal burden includes establishing Plaintiff's Article III standing. *See Tailford v.Experian Info. Sols., Inc*., 26 F.4th 1092, 1099 (9th Cir. 2022); *see also Polo v. Innoventions In'’l, LLC,* 833 F.3d 1193, 1197 (9th Cir. 2016) (holding case removed pursuant to CAFA in which the named plaintiff lacked Article III standing was not properly removed and should have been remanded to state court).

A "concrete" injury can include "intangible harms," such as "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion*, 594 U.S. at 425. In *Popa*, the Ninth Circuit addressed Article III standing in a similar privacy case. *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). There, the plaintiff alleged the defendant's session-replay technology captured her information while she browsed for pet supplies on a pet supply website. The Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." *Id*. at 786-87, 791. The court held the plaintiff had not established "how the tracking of her interactions... caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id*. at 791. The court explained further "the kind of harm and not the degree" is relevant for determining whether an alleged injury-in-fact is concrete enough relative "to a specific common-law tort" and that the injury must be one "that has traditionally been actionable in our nation's legal system." *Id*.

The Complaint here alleges "Plaintiff Spencer Kaidi visited the Website in and around January 2026 while browsing cell phone plans" and because the trackers are "found on the Website[,] when Plaintiff visited the Website, the Website's code—as programmed by Defendant—caused the Trackers to be installed on Plaintiff's browsers." Dkt. No. 1-5 at ¶¶ 92-93. There are no allegations as to what data was collected and shared, what targeted advertising, if any, Plaintiff received as a result, or how any such collection or use was highly offensive. Rather, the Complaint generically alleges the trackers collect "Plaintiff's and Class Members' identifying information and Website activity" and "IP addresses and other user behavior data." *Id.* at ¶ 95. However, courts in the Ninth Circuit have consistently concluded "disclosure of one's email address and IP address, without more, does not bear similarity to the 'highly offensive' interferences or disclosures that were actionable at common law." *Wooten v. BioLife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1144 (E.D. Cal. 2025) (collecting cases similarly reasoning); *see also Carolus v. Nexstar Media Inc.*, No. 24-CV-07790-VC, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (rejecting theory of concrete injury based on a privacy interest in controlling one's personal information when the plaintiffs alleged collection of their IP address because that "only disclose[s] the fact that a given device visited [the] website and the general location of that device, including what zip code it's in ...[defendant's] acquisition of that information does not cause the kind of harm that can be vindicated in federal court."). Further, even if the collection of such information was highly offensive, Plaintiff has not alleged facts which support an inference any such information was collected about Plaintiff. For purposes of Article III standing, Plaintiff must have *personal* standing. *TransUnion*, 594 U.S. at 423 (to invoke Article III of the Constitution, a "plaintiff must have a 'personal stake' in the case"). Plaintiff has not alleged sufficient facts from which the Court can infer *he* suffered a concrete injury for purposes of Article III standing.

Accordingly, by **October 29, 2026**, Defendant is ordered to show cause in writing as to why this action should not be remanded to state court for lack of subject matter jurisdiction; specifically, Plaintiff's lack of Article III standing. *See* 28 U.S.C. § 1447(c) (a case removed to

federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.").

**IT IS SO ORDERED.**

Dated: October 23, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California