UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPENCER KAIDI,
Plaintiff,
v.
T-MOBILE USA, INC.,
Defendant.

Case No. 26-cv-05015-AMO

**ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT**

Re: Dkt. No. 32

On May 28, 2026, Defendant removed this action to the from state court based on federal question jurisdiction. Dkt. No. 1. On October 23, 2026, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. *See* Dkt. No. 31. The Court questioned whether Plaintiff's operative complaint established a concrete injury sufficient to establish Article III standing. *Id.* On October 29, 2026, Defendant responded to the Court's order to show cause. Dkt. No. 32.

Defendant contends that Plaintiff alleges sufficiently concrete injury similar to a privacy invasion actionable at common law pursuant to *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). Dkt. No. 32 at 2. In *Popa*, the Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." 153 F.4th at 786-87. So too here. Plaintiff lacks Article III standing for an alleged privacy invasion because he does not establish "how the tracking of [his] interactions caused [him] to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *See id.* at 791.

Defendant suggests that Plaintiff alleges a "broken promise," which may support an injury in fact for California Invasion of Privacy Act claims, relying on *Spears v. The Campbell's Soup*

United States District Court
Northern District of California

United States District Court
Northern District of California

*Co.*, No. 26-cv-02385-TSH, 2026 WL 2654729 (N.D. Cal. Sept. 8, 2026), and *Correia v. Lulu & Georgia, Inc.*, No. 3:26-cv-01186-GPC-JLB, 2026 WL 2343093 (S.D. Cal. Aug. 12, 2026). *See* Dkt. No. 32 at 2. However, *Spears* and *Correia* are distinguishable from the instant case. In those cases, the plaintiffs had a reasonable expectation of privacy because they rejected tracking cookies, and the defendants nevertheless used tracking technology to collect their information. *Spears*, 2026 WL 2654729 at *11; *Correia*, 2026 WL 2343093 at 3. Here, Plaintiff does not allege that he rejected cookies. *See generally* Dkt. No. 1-8. Indeed, Plaintiff alleges that Defendant acted without providing notice or receiving consent, not an actionable broken promise. *Id.* ¶¶ 158-61.

Accordingly, the Court finds that Plaintiff lacks Article III standing, and thus the Court lacks subject matter jurisdiction. The Court **REMANDS** the case to the Napa County Superior Court. 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Clerk of Court shall transmit the case and close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**